Citation Nr: 1452656 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 11-12 145 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to a total disability rating for compensation purposes based upon individual unemployability due to service-connected disabilities (TDIU), to include on an extraschedular basis.


REPRESENTATION

Appellant represented by: Travis Barrick, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Appellant and P.R.P., D.C.


ATTORNEY FOR THE BOARD

C. Lawson, Counsel


INTRODUCTION

The Veteran served on active duty from October 1968 to January 1973

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). The Board remanded the issue to the RO in May 2014 for additional development. 


FINDINGS OF FACT

1. The Veteran's combined schedular service-connected disability rating due to his service-connected right and left shoulder disabilities, including a right shoulder scar, is 50 percent.

2. VA's Director of Compensation has determined that the Veteran's service-connected disabilities do not render him unemployable. 

3. The factual foundation for the Director's review is full and accurate, and it otherwise appears that the Veteran's service-connected shoulder disabilities do not preclude him from securing and retaining all forms of substantially gainful employment.


CONCLUSIONS OF LAW

The criteria for a TDIU are not met on a schedular or extraschedular basis. 38 U.S.C.A. §§ 1155, 5107 (West 2002); 38 C.F.R. §§ 3.321, 3.340, 3.341, 4.16 (2014).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). For an increased-compensation claim, section 5103(a) requires, at a minimum, that the Secretary (1) notify the claimant that to substantiate a claim, the claimant must provide, or ask the Secretary to obtain, medical or lay evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on the claimant's employment; (2) provide examples of the types of medical and lay evidence that may be obtained or requested; (3) and further notify the claimant that "should an increase in disability be found, a disability rating will be determined by applying relevant [DCs]," and that the range of disability applied may be between 0 percent and 100 percent "based on the nature of the symptoms of the condition for which disability compensation is being sought, their severity and duration, and their impact upon employment." Vazquez-Flores v. Peake, 22 Vet. App.37 (2008), vacated on other grounds sub nom. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). Adequate notice was provided in September 2009.

VA has assisted the Veteran in obtaining evidence; obtained a VA medical opinion/examination in 2009, and had VA's Director of Compensation consider an extraschedular TDIU award in September 2014; and afforded the Veteran the opportunity to give testimony before the Board. The examination and evidence of record is adequate as they provide all information necessary to decide the claim. All known and available records relevant to the issue on appeal have been obtained and associated with the Veteran's claims record; and the Veteran has not contended otherwise. 

VA has complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on the claim at this time. 

It is the Board's responsibility to evaluate the entire record on appeal. See 38 U.S.C.A. § 7104(a). When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the Court of Appeals for Veterans Claims held that an appellant need only demonstrate that there is an "approximate balance of positive and negative evidence" in order to prevail. The Court has also stated, "It is clear that to deny a claim on its merits, the evidence must preponderate against the claim." Alemany v. Brown, 9 Vet. App.518, 519 (1996), citing Gilbert. 

The Veteran contends, in essence, that he is unable to secure and maintain substantially gainful employment due to service-connected disabilities, and that therefore, a TDIU is warranted. 

Disability ratings are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. 38 U.S.C.A. § 1155. 38 C.F.R. Part 4 contains the rating schedule.

Total disability ratings for compensation based on individual unemployability may be assigned when the combined schedular rating for the claimant's service-connected disabilities is less than 100 percent, and when it is found that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age, provided that, if there is only one such disability, this disability is ratable at 60 percent or more, or, if there are two or more disabilities, there is at least one disability ratable at 40 percent or more and additional disabilities sufficient to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

A total disability rating may also be assigned on an extra-schedular basis, pursuant to the procedures set forth in 38 C.F.R. § 4.16(b), for Veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in section 4.16(a).

The Veteran's service-connected disabilities, alone, must be sufficiently severe to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training, and previous work experience, but not to his age or to any impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

The Veteran's service-connected disabilities, as evaluated under the VA Rating Schedule, are: right (major) shoulder strain, recurrent dislocation, status post-operative repair with degenerative joint disease, rated as 30 percent; residual scar, status postoperative repair, right shoulder, rated as 10 percent; and left shoulder degenerative arthritis, rated as 20 percent. This results in a combined rating of 50 percent. 

The Veteran's combined evaluation is no more than 50. Since he does not have one service-connected disability with an evaluation of at least 60 percent, or two or more disabilities with a combined rating of at least 70 percent with one disability rated at 40 percent, the initial criteria for schedular consideration for the grant of TDIU under 38 C.F.R. § 4.16(a) are not met. 

However, a TDIU evaluation can still be awarded if it is established by the evidence of record that service-connected disabilities render the Veteran unable to secure and follow substantially gainful employment. If there is evidence of this, the case is to be sent to the Director of Compensation for extraschedular consideration. See 38 C.F.R. §§ 3.340(a), 3.341(a), 4.16(b). The case was forwarded to the Director of VA's Compensation Service in September 2014, and in October 2014, the Director concluded that a TDIU on an extraschedular basis is not warranted. The appeal is now before the Board for final review. 

The Veteran's September 2009 VA Form 21-8940 indicates that he had 1 year of college education and last worked full time in May 2009. The most he had ever earned had been $90,000 in 2007. His occupation from January 1988 to May 2009 had been as an automotive service writer. During the Veteran's hearing before the undersigned in March 2012, he further indicated that he had studied electronics at a technical school after his navy service, and then became an automotive mechanic in about 1978, and did that for about 6-8 years before moving into supervisory positions. He had last been an automotive service manager. He typed a several hundred word letter in March 2012, explaining his position regarding his claims, without any errors being shown in it. 

On VA examination in November 2009, the Veteran was noted to have left work at the end of May 2009, mainly due to left shoulder pain. He reported that every day after work he would go home and his left shoulder would really ache and throb, and that his forearm was numb and his grip was weak, but that these things did not happen after he quit working. His job had been at an automotive counter all day long, talking to customers in person and on the phone, doing data entry using a computer keyboard, and printing out invoices that he had to reach behind him to pick up. He had tried to wear a headset about 5 years beforehand, but it did not work on the type of phone system his employer has. He reported that after entering data into a computer at work all day, by the end of the day he was aching. He reported avoiding lifting with his left arm, especially overhead. He denied recurrences of shoulder dislocations since about 2003. He stated that his right shoulder flared up about 2 times a year. After examining the Veteran, the examiner felt that if the Veteran's employer was willing to make accommodations, such as providing a phone headset and putting a printer in an easy to reach location, the Veteran would likely be able to return to work, although the examiner suspected that left shoulder pain would prevent the Veteran from working a full day since he would still have to do a lot of work on the keyboard. 

In July 2010, Social Security Administration found the Veteran to be disabled for Social Security purposes from September 2008. In doing so, it found that he had severe impairments from bilateral shoulder disabilities; left bicep tendon repair; right and left knee arthroscopic surgeries; hypertensive cardiovascular disease/hypertension; and gastrointestinal reflux disease. 

In September 2011, P.R.P., D.C. indicated a familiarity with the Veteran's claims record and shoulder disabilities and opined that it was more likely than not that the Veteran's unemployability was exclusively the result of his in-service injury, and in no way related to his non-service-connected disabilities referenced in the Social Security Administration determination. He did not provide a rationale for his opinion but stated that it was made following a thorough review of the claims folder, radiographic studies, and complete physical examination. 

In March 2012, the Veteran described impairments associated with his service-connected shoulder disabilities. 

In October 2014, VA's Director of Compensation reviewed the claim for TDIU, noting the ratings assigned for the Veteran's service-connected disabilities as well as his age, and information contained in recent treatment records. He also noted that Social Security Administration considered the Veteran's age as well as a number of disabilities, service-connected and not, as well as that there were no jobs in significant numbers in the national economy that the Veteran could perform in light of them. The Director also noted that an RO Veterans Service Center Manager had recommended denial of TDIU, as the Veteran's service-connected disabilities do not prevent him from following a substantially gainful occupation. The Director agreed with that recommendation, noting that the VA examiner in November 2009 had indicated that accommodations such as a telephone headset and placing a printer within easy reach would allow the Veteran to return to work as an automobile service writer. 

Based on the evidence, the Board concludes that a TDIU is not warranted on an extraschedular basis. The Director of Compensation has determined, based on a full and accurate factual foundation, that the Veteran's service-connected disabilities do not render him unemployable. That decision was made by the Director in accordance with 38 C.F.R. § 4.16(b). Moreover, the preponderance of the evidence indicates that the Veteran is not unemployable due to his service-connected shoulder disabilities. A VA examiner in November 2009 indicated that he could probably work, although maybe not full time, if accommodations were made to him in his past employment capacity, in the form of a telephone headset and a feasibly located printer, and he had earned $90,000 in 2007, which was well over the poverty threshold. Thus, even if the Veteran could now work only less than full time in his prior occupation, it would appear that he is still substantially gainfully employable instead of unemployable due to his service-connected disabilities. Additionally, the Veteran has a year of college education, two years of electrical training, and many years of management experience in the automotive service industry, strongly suggesting that his service-connected disabilities do not preclude all forms of substantially gainful employment under VA standards. The Board notes that Dr. P. feels that the Veteran is unemployable due to his shoulders, but he did not explain why or take into account the effects that a telephone headset and a feasibly located printer would have on the Veteran's employability in his past profession. For all of these reasons, the Board finds that TDIU is not warranted. The preponderance of the evidence is against the claim and there is no doubt to be resolved. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1991).


ORDER

Entitlement to a TDIU is not warranted. 



____________________________________________
Michael Martin
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs